## UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **PATRICK KING** | ) | **CASE NO:** |
| **C/O EDDIE SIPPLEN ATTORNEY AT** | ) | |
| **LAW, LLC** | ) | **JUDGE:** |
| **1655 W. MARKET ST. STE 240** | ) | |
| **AKRON, OH 44313** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT** |
| | ) | |
| **CITY OF AKRON** | ) | **(JURY DEMAND ENDORSED** |
| **161 S. High Street** | ) | **HEREON)** |
| **202 Oliver Ocasek Govt Office Building** | ) | |
| **Akron, OH 44308** | ) | |
| | ) | |
| **CHIEF KENNETH BALL** | ) | |
| **C/O Akron Police Department** | ) | |
| **217 South High Street** | ) | |
| **Akron, OH 44308** | ) | |
| | ) | |
| **NATALIE A. TASSONE** | ) | |
| **C/O Akron Police Department** | ) | |
| **217 South High Street** | ) | |
| **Akron, OH 44308** | ) | |
| | ) | |
| **DAVID P. ROUSE** | ) | |
| **C/O Akron Police Department** | ) | |
| **217 South High Street** | ) | |
| **Akron, OH 44308** | ) | |
| | ) | |
| **RYAN P. MCPHERSON** | ) | |
| **C/O Akron Police Department** | ) | |
| **217 South High Street** | ) | |
| **Akron, OH 44308** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |
| | ) | |

Plaintiff, by this Complaint, avers as Follows:

## INTRODUCTION

1.      This is a civil action, brought under 42 U.S.C. §1983, seeking damages against
        the defendants for committing acts, under color of state law, which deprived
        Plaintiff of Federal Civil Rights, including those rights secured by the Fourth and
        Fourteenth Amendments to the constitution of the United States; including
        depriving the Plaintiff freedom without due process of law.

## JURISDICTION AND VENUE

2.      Paragraph 1 is realleged as if fully rewritten herein.

3.      The court's jurisdiction is involved pursuant to the provisions of 42 U.S.C.
        §1983, et seq; and 28 U.S.C. §1331, 1343(3(a) and the Constitution of the United
        States and the State of Ohio.

4.      Supplemental jurisdiction over the related state law claims is invoked pursuant to
        28 U.S.C. §1367.

5.      The amount in controversy, exclusive of costs and interests, exceeds seventy-five
        thousand dollars ($75,000.00).

6.      Venue is proper in as the events giving rise to Plaintiff's claims occurred in this
        judicial district.

## PARTIES

7.      Plaintiff realleges paragraphs 1 through 6 above, as though specifically restated
        herein.

8.      Plaintiff resides in Akron, Summit County, Ohio.

9.      Defendant Kenneth R. Ball, was, at all times relevant in this complaint, Chief of
        Police for the City Akron, Ohio.

10.     Defendant Natalie Tassone, was, at all times relevant to this complaint, a police

officer, employed by the City of Akron Police Department.

11.    Defendant David Rouse, was, at all times relevant to this complaint, a police officer, employed by the City of Akron Police Department.

12.    Defendant Ryan McPherson, was, at all times relevant to this complaint, a police officer, employed by the City of Akron Police Department.

13.    Defendant City of Akron was and  is a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio acting under color of law. Defendant City of Akron is a "person" under 42 U.S.C § 1983. Defendant City of Akron is the employer and principal of Defendants Ball, Tassone, Rouse and McPherson, and is responsible for the policies, practices, and customs of its Police Department.

14.    The Plaintiff sues each and all Defendants in both their individual and official capacities.

## FACTS

15.    Plaintiff realleges paragraphs 1 through 14 above, as though specifically restated herein.

16.    On or about October 21, 2018 while walking home from the neighborhood store, Officers Tassone and Rouse, without lawful cause to do so, nor the requisite reasonable suspicion or probable cause to justify stopping, confronting, detaining, and arresting Patrick King, stopped and detained Plaintiff, Patrick King and immediately began to question King.

17.    The officers blocked his paths of egress and regress and began questioning Plaintiff and as such, Patrick King was not free to leave.

18.    Almost immediately upon their encounter with Mr. King, Officer Tassone radioed to

dispatch a "signal 9",[1] which is Akron Police Department's code for a suspicious person.

19.     In her police report,[2] Officer Tassone stated that she and her partner observe Plaintiff allegedly leave an area drug house and subsequently stopped to talk to in front of 325 Para Ave Akron, Ohio.

20.     Without activating their siren or lights Officer Tassone and Rouse stopped Patrick King, who was walking home and minding his own business.

21.     At the time Officer Tassone and Rouse stopped Patrick King, the only fact known to the officers as that Mr. King was walking down the street after leaving a home.  The officers did not see Mr. King commit an illegal activity (i.e. purchase drugs).

22.     When asked where he was coming from, King advised the officers that he had just returned from the local corner store where he bought a couple of beers and other items.

23.     When the officers attempted to arrest Plaintiff, a struggle ensued. Plaintiff was tasered multiple times and taken to the ground.  Other officers arrived on the scene and helped subdue Plaintiff.

24.     Moments after Plaintiff was tasered multiple times and subdued by the other officers, Officer Ryan McPherson arrived on scene and immediately began assaulting Plaintiff. The various taser wires can be seen protruding from King's back area.[3]

25.     When McPherson arrived, officer Rouse had a handcuff of Plaintiff's left arm while Officer Tassone sat on Plaintiff's right arm.

26.     Defendant McPherson, while King was lying on his stomach and under the control of the other officers, grabbed and shoved his full body weight onto King's left leg, which was bent

---

[1] Officer Tassone' s Body Worn Camera Footage at 1min 16 secs.
[2] Akron Police Report #18-024497
[3] Officer Ryan McPherson's Body Worn Camera Footage at 0- 37 secs.

into an excruciating painful and unnatural position.

27.   Defendant Tassone and with the assistance of McPherson's partner, Officer Sheets, while controlling Plaintiff's arm by placing her body weight on King's right shoulder and arm, kept yelling that King was trying to reach into his pocket.

28.   During his attack on King and while King was suffering from the impact of being tasered and being given commands by multiple officers, McPherson told King to comply or he would break his "…fucking hand…get your hand out, get your right hand out" and immediately began punching the helpless Plaintiff thirty (30) or more times in the back and other areas and did not stop until he felt that the level of pain inflicted upon Plaintiff had forced the Plaintiff's compliance.[4]

29.   Plaintiff was subsequently arrested and taken to the hospital.

30.   Prior to leaving the scene, Officer McPherson spoke with neighbors and attempted to justify the beating he gave Patrick King.

31.   While at the hospital, Defendant McPherson, coached a hospital nurse, in attendance, on what to say for the recording on his body worn camera.[5]

32.   To cover up the unlawful detention, arrest and beating of Patrick King, Officers Tassone, Rouse and McPherson created false reports for Office of Professional Standard (i.e. Internal Affairs) and  conspired to justify their actions which led to Patrick King being charged with Resisting Arrest, Misrepresenting Identity, Drug Paraphernalia, Drug Abuse- marijuana, Obstructing Official Business and Tampering with Evidence.[6]

33.   The defendants Tassone, Rouse and McPherson, acting under color of the statutes, customs,

---

[4] Officer Ryan McPherson Body Worn Camera Footage at marker .0050
[5] Officer Ryan McPherson Body Worn Camera Footage at Hospital.
[6] Akron Municipal Court Cases 18-CR-09419, 18-cr-09421, 18-CR-10802

ordinances, official policies and usage of their employer, the City of Akron and the City of Akron Police Department, violated the provisions of the United States and did then and there commit one or more of the following malicious and reckless acts and or omissions.

34. Defendants Tassone, Rouse and McPherson knowingly violated Patrick King's Fourth Amendment right against unlawful searches and seizures.

35. Defendant McPherson, after Plaintiff was tasered, brutally attacked Plaintiff by attempting to break Plaintiff's leg, punching a subdued and apprehended Plaintiff multiple times, thereby using excessive and unreasonable force.

36. The severe beating and tasering of Patrick King was unjustified, objectively unreasonable, and constituted excessive force, in violation of King's constitutional rights.

37. King did not present a threat to the safety to any of the Defendant officers or to any other persons. King was merely walking home, minding his own business when Officers Rouse and Tassone engaged him with an unlawful questions and unlawful detention.

38. Within 24 hours, Officers Tassone and Rouse subsequently charged King with Resisting Arrest, Obstructing Official Business and Tampering with Evidence.

39. In the intervening period between the beating and tasering, Defendant Officers jointly prepared and/or conspired with one another to prepare false, misleading, and incomplete official reports and to give false, incomplete, and misleading versions of the events to their supervisors and to the public.

40. In violating Plaintiff's rights, Defendants engaged in willful, wanton, reckless, and/or negligent conduct. The unconstitutional conduct and willful, wanton, reckless, and/or negligent conduct was the direct, actual, and proximate cause of Plaintiff's injuries.

41. As a direct and proximate cause of Defendants' conduct Patrick King suffered and continue

to suffer lasting injuries including, inter alia, physical harm and pain, serious and severe mental, emotional, and psychological injuries, economic losses, loss of liberty, and damages.

42. The acts and omissions of the Defendants, Tassone, Rouse, and McPherson violated the rights secured to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Ohio.

## FIRST CLAIM FOR RELIEF
### (Failure to Train)

43. Plaintiff realleges paragraphs 1 through 42 above, as though specifically restated herein, and for a cause of action against the Defendant, Chief Ken Ball alleges and says that:

44. Defendant, Ken Ball, as Police Chief, acting under the color of the statutes, customs, ordinances, official policies and usage of his employer, Defendant, City of Akron, violated the Plaintiff's rights by committing malicious and reckless acts and/or omissions.

45. Defendant Ball, encouraged, acquiesced and/or approved of the acts of the Defendant Ryan McPherson's violation of Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. constitution and rights under the Ohio Constitution.

46. Defendant Ball, encouraged, acquiesced and/or approved of the acts of the Defendant McPherson's use of excessive and unreasonable force when affecting an arrest, by permitting Defendant McPherson to remain on the Akron Police Department as an armed officer, when it is known that the Defendant McPherson used excessive and unreasonable force.

47. Defendant, Chief Ball failed to adequately train and supervise the Defendant, McPherson, in the use of force when investigating crimes and when effecting an arrest. Defendant, Chief Ball, by his actions and omissions, established a policy of the City of Akron Police Department that encouraged, acquiesced and or approved

7

of the use of excessive and unreasonable force in effecting an arrest, and this policy of allowing, encouraging and/or approving the use of excessive force by Defendant, Ryan McPherson, resulted in the Plaintiff being a victim of the Defendant's use of excessive and unreasonable force that resulted in injuries to the Plaintiff.

48. Defendants are jointly and severally liable for this conduct.

## SECOND CLAIM FOR RELIEF
### (Failure to Train)

49. Plaintiff realleges paragraphs 1 through 48 above, as though specifically restated here, and for a cause of action against the Defendant, Chief Ken Ball alleges and says that:

50. Defendant Tassone has had prior arrests  questioned and overturned by the Ohio Ninth District Court of Appeals for violating citizens' rights by conducting unlawful searches and seizures on citizens without probable cause.

51. In *State of Ohio v. Oberholtz*[7],The  Ninth District Court of Appeals for the State of Ohio affirmed that Officer Tassone violated citizens Fourth Amendment right against unlawful searches and seizures.

52. In State *v. Oberholtz*, the Ninth District Court of Appeals affirmed the suppression of evidence illegally obtained by Tassone during her illegal search and arrest of Janelle Oberholtz.

53. The court stated that Officer Tassone turned the encounter with Ms. Oberholtz into "…an investigation into possible drug activity that 'was not based on any articulable facts giving rise to a suspicion of illegal activity justifying an extension of the detention."[8]

54. The trial court found that under the totality of the circumstances, Ms. Oberholtz alleged consent to the search of her person, including her pockets, was better characterized as "mere acquiescence

---

[7] *State v. Oberholtz* 2016-Ohio-8506
[8] *Id.*

to Officer Tassone' s claim of lawful authority."[9]

55.   Additionally, the court concluded that the state failed to establish that Ms. Oberholtz consented to the search of her person, including the search of her pockets and under her clothing, and that the search, therefore violated Ms. Oberholtz' s Fourth Amendment rights.[10]

56.   The court stated "… Officer's Tassone' s transition from proper to improper questioning was 'seamless'[.] – explaining that the undetectability of such a transition may be used by police to coerce citizens into answering questions they need not answer."[11]

57.   The two rulings show that Officer Tassone as a "pattern and practice" of violating and conspiring to violate the civil rights of U.S. Citizens under the color of law.

58.   In *State v. Franchi*[12] the evidence reveals that Officer Tassone searched Rich Franchi and claimed he consented to a search when Franchi said he didn't.

59.   Officer claimed to have stopped Franchi for a cracked windshield and no turn signal and turned it into a drug investigation with "detaining " questions she asked in *Oberholtz*.

60.   As in *Oberholtz* and *Franchi,* and in the instant matter before this court*,* Officer Tassone and her partner did not articulate any facts that led her practice of "detaining by questioning" citizens she wants to search, without probable cause, for drugs.

61.   Defendant, Ken Ball, as Police Chief, acting under the color of the statutes, customs, ordinances, official policies and usage of his employer, Defendant, City of Akron, violated the Plaintiff's rights by committing malicious and reckless acts and/or omissions.

62.   Defendant Ball, encouraged, acquiesced and/or approved of the acts of the Defendants Tassone and Rouse's violation of Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. constitution and rights under the Ohio Constitution.

---

[9] *Id.*
[10] *Id.*
[11] *Id.,* quoting *State v. Robinette*, 76 Ohio St.3d 650, 654,(1995).
[12] *State v. Franchi,*2016-0hio-1195, reversed on other grounds.

**THIRD CLAIM FOR RELIEF**

**State Law Claim for Assault and Battery by Patrick King against Defendants Tassone, Rouse and McPherson**

63.     Plaintiff repeats and reallages and incorporates by references the allegations contained in paragraphs 1 through 62 as if fully rewritten herein.

64.     The conduct of Defendant Officers Tassone, Rouse and McPherson created in Plaintiff the apprehension of imminent, harmful, and offensive touching and constituted a harmful and offensive touching, knowingly and with legal justification.

65.     Defendants are jointly and severally liable for this conduct.

**FOURTH CLAIM FOR RELIEF**

**State Law Claim for False Arrest by Patrick King against Defendants Tassone. Rouse and McPherson**

66.     Plaintiff repeats and reallages and incorporates by references the allegations contained in paragraphs 1 through 65 as if fully rewritten herein.

67.     Defendants intentionally and unlawfully detained and caused the arrest of Patrick King without lawful privilege, against his consent, and without probable cause.

68.     Patrick King's arrest, unsupported by probable cause, was in violation of the laws of the State of Ohio.

69.     Defendants caused the illegal arrest, detention, imprisonment and institution of legal proceedings against the Plaintiff.

70.     Defendants actions were willful, wanton, and/or reckless.

71.     Defendants' actions and other conduct constitute false arrest, in violation of Ohio Law.

72.     As a direct and proximate result of Defendants' misconduct, Patrick King suffered and continues

10

to suffer, injuries, including but not limited to loss of liberty, emotional distress, loss of reputation, costs and other damages as set forth in this Complaint.

73.   Defendants are jointly and severally liable for this conduct.

## FIFTH CLAIM FOR RELIEF
**State Law Claim for Negligence- Willful, Wanton, and/or Reckless Conduct by Patrick King against Defendants Tassone, Rouse and McPherson**

74.   Plaintiff repeats and realleges and incorporates by references the allegations in paragraphs 1 through 73 with the same force and effect as if herein set forth.

75.   Defendants failed to exercise due care and acted in a willful, wanton, and reckless manner while engaged in police functions and activities that culminated in the above stated damages and injuries to Patrick King.

76.   Defendants' reckless, wanton and/or willful conduct proximately caused the physical and psychological damages to Patrick King.

77.   As a direct and proximate result of the misconduct of the Defendant Officers, Patrick King suffered and continues to suffer injuries and damages.

78.   Defendants are jointly and severally liable for this conduct.

## SIXTH CLAIM FOR RELIEF
**State Law Claim for Malicious Prosecution by Patrick King against Defendants Tassone, Rouse, and McPherson**

79.   Plaintiff repeats and realleges and incorporates by references the allegations in paragraphs 1 through 78 with the same force and effect as if herein set forth.

80.   Defendants acting maliciously, instituted, participated in, or continued the prosecution of Patrick King without probable cause.

81. As a consequence of the criminal prosecution, Patrick King was unlawfully seized and deprived of liberty.

82. Patrick King's criminal prosecution ended with a dismissal of all charges except resisting arrest for which he plead no contest to.

83. Defendants committed these actions intentionally, maliciously. Culpably, in bad faith, and/or in a willful, wanton, or reckless manner and in reckless disregard for Patrick King's rights.

84. As a direct and proximate result of this malicious prosecution, Patrick King suffered injuries, including but not limited to, the loss of liberty, emotional distress, and other damages as set forth in this Complaint.

85. Defendants are jointly and severally liable for this conduct.

## **SEVENTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 Claim for Malicious Prosecution by Patrick King against Defendants Ball, Tassone, Rouse and McPherson**

86. Plaintiff repeats and realleges and incorporates by references the allegations in paragraphs 1 through 85 with the same force and effect as if herein set forth.

87. Defendants caused, instigated, influenced, or participated in the decision to prosecute Patrick King, knowing there was no probable cause for criminal prosecution.

88. All charges against Patrick King were dismissed with the exception of Resisting Arrest to which he plead No Contest.

89. Defendants deliberately engaged in arbitrary and conscience-shocking conduct that contravened fundamental canons of decency and fairness and violated Patrick King's substantive due process rights and in violation of the Fourteenth and Fourth Amendments to the United States Constitution.

90. As a direct and proximate cause of Defendants' misconduct, Patrick King suffered injury and continues to suffer injury as set forth in this Complaint.

91. Defendants are jointly and severally liable for this conduct.

## EIGHTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Claim for Unconstitutional Seizure by Patrick King against Defendants  Tassone, Rouse and McPherson

92. Plaintiff repeats and realleges and incorporates by references the allegations in paragraphs 1 through 91 with the same force and effect as if herein set forth.

93. The actions of Defendants alleged in the preceding paragraphs, violated Patrick King's rights under the Fourth Amendment to the United States Constitution to be secure in their persons against unreasonable seizure and their right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this complaint.

94. Patrick King was subjected to excessive force in violation of his Fourth Amendment rights.

95. Defendants Tassone, Rouse and McPherson further deprived Patrick King of his right to be free from unreasonable seizure by causing his arrest, without lawful privilege, against his consent, and without probable cause, in violation of the Fourth and Fourteenth Amendments to the United States Constitution or failing to intervene to prevent this unreasonable seizure.

96. Defendants acted intentionally, and in a willful wanton, and/or reckless manner.

97.    The actions of the Defendant Officers as alleged in this county of the complaint were the direct and proximate cause of the constitutional violations set forth above and of Patrick King's injuries.

98.    Defendants are jointly and severally liable for this conduct.

## NINTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 *Monell* Claim
### By Patrick King against Defendant City of Akron

99.    Plaintiff repeats and realleges and incorporates by references the allegations in paragraphs 1 through 98 with the same force and effect as if herein set forth.

100.   Defendants acted pursuant to one or more interrelated defacto policies (even if not official written edicts), practices and/or customs of civil rights violations and unconstitutional practices of the City of Akron and its Police Department.

101.   The City of Akron, at all times relevant herein, approved, authorized, and acquiesced in the unlawful and unconstitutional conduct of its respective employees and/or agents and consequently is directly liable for the acts of those agents, pursuant to 42 U.S.C. § 1983.

102.   Despite the facts and circumstances surrounding the detention, tasering and beating of Patrick king that clearly demonstrate that the actions of the Defendants were unreasonable and unlawful, upon information and belief, The City of Akron has failed to effectively investigate or impose any discipline on the Defendants for their illegal behavior and false criminal charges against the Plaintiff.

103.   Akron Police failed to conduct independent and unbiased investigations into alleged misconduct of their officers.

104. Upon information and belief, no truly independent investigation has ever been conducted of Tassone and Rouse's illegal methods of stopping, detaining, questioning of and arresting of citizens of Akron.

105. At all times relevant, the Defendant City of Akron and its Police Department had interrelated de facto policies, practices, and customs, which included, inter alia:

   a. The failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control City of Akron Police Officer who engage in unjustified use of excessive and unreasonable force, false arrest, and/or malicious prosecution;

   b. The police code of silence;

   c. The failure to properly investigate use of excessive and unreasonable force, false arrest, and/or malicious prosecution against civilians by City of Akron police officers;

   d. The failure to properly discipliner, supervise, monitor, counsel and otherwise control City of Akron police officers who engage in unjustified use of excessive and unreasonable force, false arrest, and/or malicious prosecution; and/or

   e. The failure to properly train and supervise City of Akron police officers with regard to inter alia  stopping, frisking and questioning citizens.

106. The aforementioned defacto polices, practices, and customs of the Akron Police Department include a pattern of acts of excessive use of force and other willful, want, and/or reckless behavior leading to harmful consequences to citizens.

107. The Akron Police Department has engaged in little or no meaningful investigation or disciplinary action in response to this pattern of misconduct, thereby creating a culture or climate where members of the police department can and do escape their acts of misconduct with impunity.

108. This pattern is the moving force behind the conduct of Defendants Tassone, Rouse, and McPherson in the unjustified beating, tasering and arrest of Patrick King – who did not present a threat at the time of his unlawful detention by Officers Tassone and Rouse. This is not an isolated incident of unconstitutional policing with the City of Akron by its officers.

109. The policy, practice, and custom of a police code of silence results in police officers refusing to report instances of police misconduct of which they are aware including unlawful searches, seizures, and prosecutions, in spite of their obligation under police regulations to do so, and also includes police officers remaining silent or giving false and misleading information during official investigations in order to protect themselves and their fellow officers from internal discipline, civil liability or criminal charges, in cases where they and their fellow officers have engaged in misconduct.

110. The de facto polices, practices and customs of failing to hire, train, supervise, monitor, discipline, transfer, counsel and/or control police misconduct and the code of silence are interrelated and exacerbate the effects of each other, to institutionalize police lying and immunize police officers from discipline.

111. The unconstitutional actions of the Defendants, as alleged in this complaint, were part and parcel of a widespread municipal police, practice and custom is further established by the involvement in , and ratification of, these practices by municipal supervisors and policy makers, as well as by a wide range of other police officials, officers, and divisions of the Akron Police Department.

112. The policies, practices and/or customs alleged in this complaint, separately and together, are the proximate cause of the injuries to Patrick King because the Defendants have good

reason to believe that their misconduct would to be revealed or reported by fellow officer or their supervisors, and that they were immune from disciplinary action, thereby protecting them from the consequences of their unconstitutional conduct.

113. But for the belief that they would be protected – both by fellow officers and by the City of Akron Police Department- from serious consequences, Defendants would not have engaged I the conduct that resulted in the injuries to Plaintiff.

114. The interrelated polices, practices and customs, as alleged in this complaint, individually and together, were maintained and implemented wit deliberate indifference, and encouraged the Defendant Officers to commit the acts alleged in this complaint against the Plaintiff.

115. The City of Akron therefore acted as the moving force behind and the direct and proximate causes of the violations of Patrick King's constitutional rights and all injuries and damages suffered by him.

**PRAYER FOR RELIEF**

Plaintiff demands that judgment be entered in his favor on all counts and pray the court to award the following relief:

   i. An award of actual and/or compensatory damages against all Defendants in an amount to be determined at trial that will fully and fairly compensate Plaintiff for the injuries and damage he suffered;

   ii. An award of punitive damages against the Defendant Officers in an amount to be determined at trial that will serve to adequately punish and deter the acts and omissions alleged in this complaint;

   iii. Declaratory and injunctive relief against the City of Akron enjoying polices, practices, and customs shown to encourage the use of excessive and unreasonable force, false arrest, and malicious prosecution against civilians,, and ordering the institution of policies, procedures, and training for the Akron Police Department to bring them into compliance with constitutional standards;

17

iv. An award of Attorney's fees and the costs of this action pursuant to 42 U.S.C §1988; and

v. All such other relief which Plaintiffs are entitled and/or this Court deems equitable.


**TRIAL BY  JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED**

Respectfully submitted,


_/s/EMSipplen_

Date: February 6, 2020                    Eddie Sipplen (OH S.Ct. # 0076712)
                                          Eddie Sipplen Attorney At Law, LLC
                                          Mitchell Building
                                          1655 West Market Street, Ste 240
                                          Akron, OH 44313
                                          Ph: 330-374-5600
                                          Esipplen@sipplen.com