IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK KING | ) | CASE NO.:5:20-cv- 00270 |
| Plaintiff | ) | |
| v. | ) | JUDGE SARA LIOI |
| CITY OF AKRON, et al. | ) | **ANSWER** |
| Defendants | ) | **JURY DEMAND ENDORSED HEREIN** |

Now come Defendants, City of Akron, Chief Kenneth Ball, Natalie A. Tassone, David P. Rouse, and Ryan P. McPherson, by and through undersigned counsel, and for their Answer to Plaintiff's Complaint, state as follows:

**FIRST DEFENSE**

1. Defendants deny the allegations in Paragraph One (1) of the Complaint.

2. Defendants incorporate their response to Paragraph One (1) as if fully rewritten herein in response to the allegations in Paragraph Two (2) of the Complaint.

3. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Three (3) of the Complaint, and therefore deny the same at this time.

4. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Four (4) of the Complaint, and therefore deny the same at this time.

5.  Defendants are without information or knowledge to admit or deny the allegations in Paragraph Five (5) of the Complaint, and therefore deny the same at this time.

6.  Defendants admit the allegations in Paragraph Six (6) of the Complaint.

7.  Defendants incorporate their responses to Paragraphs One (1) through Six (6) as if fully rewritten herein in response to Paragraph Seven (7) of the Complaint.

8.  Defendants are without information or knowledge to admit or deny the allegations in Paragraph Eight (8) of the Complaint, and therefore deny the same at this time.

9.  Defendants admit the allegations in Paragraph Nine (9) of the Complaint.

10. Defendants admit the allegations in Paragraph Ten (10) of the Complaint.

11. Defendants admit the allegations in Paragraph Eleven (11) of the Complaint.

12. Defendants admit the allegations in Paragraph Twelve (12) of the Complaint.

13. Defendants admit that the City of Akron is a political subdivision in the State of Ohio, employs Ball, Tassone, Rouse and McPherson and is subject to 42 U.S.C. 1983, but is without information or knowledge as to the remaining allegations in Paragraph Thirteen (13) of the Complaint, and therefore denies the same at this time.

14. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Fourteen (14) of the Complaint, and therefore deny the same at this time.

15. Defendants incorporate their responses to Paragraphs One (1) through Fourteen (14) as if fully rewritten herein in response to Paragraph Fifteen (15) of the Complaint.

16. Defendants state that the Officers' Body Worn Camera (BWC) recorded the Plaintiff and Officers' interaction and speak for themselves, and deny the remaining allegations in Paragraph Sixteen (16) of the Complaint.

17. Defendants state that the Officers' BWC recorded the Plaintiff and Officers' interaction and speak for themselves, and deny the remaining allegations in Paragraph Seventeen (17) of the Complaint.

18. Defendants state that the Officers' BWC recorded the Plaintiff and Officers' interaction and speak for themselves, admit that a signal 9 is a suspicious person, and deny the remaining allegations in Paragraph Eighteen (18) of the Complaint.

19. Defendants state that Incident Report # 18-024497 speaks for itself, and deny the remaining allegations in Paragraph Nineteen (19) of the Complaint.

20. Defendants state that the Officers' BWC recorded the Plaintiff and Officers' interaction and speak for themselves, and deny the remaining allegations in Paragraph Twenty (20) of the Complaint.

21. Defendants deny the allegations in Paragraph Twenty-one (21) of the Complaint.

22. Defendants state that the Officers' BWC recorded the Plaintiff and Officers' interaction and speak for themselves, and deny the remaining allegations in Paragraph Twenty-two (22) of the Complaint.

23. Defendants state that the Officers' BWC recorded the Plaintiff and Officers' interaction and speak for themselves, and deny the remaining allegations in Paragraph Twenty-three (23) of the Complaint.

24. Defendants state that the Officers' BWC recorded the Plaintiff and Officers' interaction and speak for themselves, and deny the remaining allegations in Paragraph Twenty-four (24) of the Complaint.

25. Defendants state that the Officers' BWC recorded the Plaintiff and Officers' interaction and speak for themselves, and deny the remaining allegations in Paragraph Twenty-five (25) of the Complaint.

26. Defendants state that the Officers' BWC recorded the Plaintiff and Officers' interaction and speak for themselves, and deny the remaining allegations in Paragraph Twenty-six (26) of the Complaint.

27. Defendants state that the Officers' BWC recorded the Plaintiff and Officers' interaction and speak for themselves, and deny the remaining allegations in Paragraph Twenty-seven (27) of the Complaint.

28. Defendants states that the Officers' BWC recorded the Plaintiff and Officers' interaction and speak for themselves, and deny the remaining allegations in Paragraph Twenty-eight (28) of the Complaint.

29. Defendants state that Plaintiff was transported to the hospital, and deny the remaining allegations in Paragraph Twenty-nine (29) of the Complaint.

30. Defendants deny the allegations in Paragraph Thirty (30) of the Complaint.

31. Defendants deny the allegations in Paragraph Thirty-one (31) of the Complaint.

32. Defendants deny the allegations in Paragraph Thirty-two (32) of the Complaint.

33. Defendants deny the allegations in Paragraph Thirty-three (33) of the Complaint.

34. Defendants deny the allegations in Paragraph Thirty-four (34) of the Complaint.

35. Defendants deny the allegations in Paragraph Thirty-five (35) of the Complaint.

36. Defendants deny the allegations in Paragraph Thirty-six (36) of the Complaint.

37. Defendants deny the allegations in Paragraph Thirty-seven (37) of the Complaint.

38. Defendants admit that Officers signed warrants for Plaintiff's arrest for Resisting Arrest, Tampering with Evidence, Misrepresenting Identity, Drug Paraphernalia and Possession of Marijuana, and deny the remaining allegations in Paragraph Thirty-eight (38) of the Complaint.

39. Defendants deny the allegations in Paragraph Thirty-nine (39) of the Complaint.

40. Defendants deny the allegations in Paragraph Forty (40) of the Complaint.

41. Defendants deny the allegations in Paragraph Forty-one (41) of the Complaint.

42. Defendants deny the allegations in Paragraph Forty-two (42) of the Complaint.

43. Defendants incorporate their responses to Paragraphs One (1) through Forty-two (42) as if fully rewritten herein in response to Paragraph Forty-three (43) of the Complaint.

44. Defendants deny the allegations in Paragraph Forty-four (44) of the Complaint.

45. Defendants deny the allegations in Paragraph Forty-five (45) of the Complaint.

46. Defendants deny the allegations in Paragraph Forty-six (46) of the Complaint.

47. Defendants deny the allegations in Paragraph Forty-seven (47) of the Complaint.

48. Defendants deny the allegations in Paragraph Forty-eight (48) of the Complaint.

49. Defendants incorporate their responses to Paragraphs One (1) through Forty-eight (48) as if fully rewritten herein in response to Paragraph Forty-nine (49) of the Complaint.

50. Defendants state that any reference to judicial opinions in the Ninth District Court of Appeals speak for themselves, and deny the remaining allegations in Paragraph Fifty (50) of the Complaint.

51. Defendants state that the opinion issued in *State of Ohio v. Oberholtz* speaks for itself, and deny the remaining allegations in Paragraph Fifty-one (51) of the Complaint.

52. Defendants state that the opinion issued in *State of Ohio v. Oberholtz* speaks for itself, and deny the remaining allegations in Paragraph Fifty-two (52) of the Complaint.

53. Defendants state that the opinion issued in *State of Ohio v. Oberholtz* speaks for itself, and deny the remaining allegations in Paragraph Fifty-three (53) of the Complaint.

54. Defendants state that the opinions issued in *State of Ohio v. Oberholtz* at either the trial court or appellate level speak for themselves, and deny the remaining allegations in Paragraph Fifty-four (54) of the Complaint.

55. Defendants state that the opinions issued in *State of Ohio v. Oberholtz* at either the trial court or appellate level speak for themselves, and deny the remaining allegations in Paragraph Fifty-five (55) of the Complaint.

56. Defendants state that the opinions issued in *State of Ohio v. Oberholtz* at either the trial court or appellate level speak for themselves, and deny the remaining allegations in Paragraph Fifty-six (56) of the Complaint.

57. Defendants state that the opinions issued in *State of Ohio v. Oberholtz* at either the trial court or appellate level speak for themselves, and deny the remaining allegations in Paragraph Fifty-seven (57) of the Complaint.

58. Defendants state that the opinion issued in *State of Ohio v. Franchi* speaks for itself, and deny the remaining allegations in Paragraph Fifty-eight (58) of the Complaint.

59. Defendants state that the opinions issued in *State of Ohio v. Franchi* and *State of Ohio v. Oberholtz* speak for themselves, and deny the remaining allegations in Paragraph Fifty-nine (59) of the Complaint.

60. Defendants state that the opinions issued in *State of Ohio v. Franchi* and *State of Ohio v. Oberholtz* speak for themselves, and deny the remaining allegations in Paragraph Sixty (60) of the Complaint.

61. Defendants deny the allegations in Paragraph Sixty-one (61) of the Complaint.

62. Defendants deny the allegations in Paragraph Sixty-two (62) of the Complaint.

63. Defendants incorporate their responses to Paragraphs One (1) through Sixty-two (62) as if fully rewritten herein in response to Paragraph Sixty-three (63) of the Complaint.

64. Defendants deny the allegations in Paragraph Sixty-four (64) of the Complaint.

65. Defendants deny the allegations in Paragraph Sixty-five (65) of the Complaint.

66. Defendants incorporate their responses to Paragraphs One (1) through Sixty-five (65) as if fully rewritten herein in response to Paragraph Sixty-six (66) of the Complaint.

67. Defendants deny the allegations in Paragraph Sixty-seven (67) of the Complaint.

68. Defendants deny the allegations in Paragraph Sixty-eight (68) of the Complaint.

69. Defendants deny the allegations in Paragraph Sixty-eight (69) of the Complaint.

70. Defendants deny the allegations in Paragraph Seventy (70) of the Complaint.

71. Defendants deny the allegations in Paragraph Seventy-one (71) of the Complaint.

72. Defendants deny the allegations in Paragraph Seventy-two (72) of the Complaint.

73. Defendants deny the allegations in Paragraph Seventy-three (73) of the Complaint.

74. Defendants incorporate their responses to Paragraphs One (1) through Seventy-three (73) as if fully rewritten herein in response to Paragraph Seventy-four (74) of the Complaint.

75. Defendants deny the allegations in Paragraph Seventy-five (75) of the Complaint.

76. Defendants deny the allegations in Paragraph Seventy-six (76) of the Complaint.

77. Defendants deny the allegations in Paragraph Seventy-seven (77) of the Complaint.

78. Defendants deny the allegations in Paragraph Seventy-eight (78) of the Complaint.

79. Defendants incorporate their responses to Paragraphs One (1) through Seventy-eight (78) as if fully rewritten herein in response to Paragraph Seventy-nine (79) of the Complaint.

80. Defendants deny the allegations in Paragraph Eighty (80) of the Complaint.

81. Defendants deny the allegations in Paragraph Eighty-one (81) of the Complaint.

82. Defendants deny the allegations in Paragraph Eighty-two (82) of the Complaint.

83. Defendants deny the allegations in Paragraph Eighty-three (83) of the Complaint.

84. Defendants deny the allegations in Paragraph Eighty-four (84) of the Complaint.

85. Defendants deny the allegations in Paragraph Eighty-five (85) of the Complaint.

86. Defendants incorporate their responses to Paragraphs One (1) through Eighty-five (85) as if fully rewritten herein in response to Paragraph Eighty-six (86) of the Complaint.

87. Defendants deny the allegations in Paragraph Eighty-seven (87) of the Complaint.

88. Defendants deny the allegations in Paragraph Eighty-eight (88) of the Complaint.

89. Defendants deny the allegations in Paragraph Eighty-nine (89) of the Complaint.

90. Defendants deny the allegations in Paragraph Ninety (90) of the Complaint.

91. Defendants deny the allegations in Paragraph Ninety-one (91) of the Complaint.

92. Defendants incorporate their responses to Paragraphs One (1) through Ninety-one (91) as if fully rewritten herein in response to Paragraph Ninety-two (92) of the Complaint.

93. Defendants deny the allegations in Paragraph Ninety-three (93) of the Complaint.

94. Defendants deny the allegations in Paragraph Ninety-four (94) of the Complaint.

95. Defendants deny the allegations in Paragraph Ninety-five (95) of the Complaint.

96. Defendants deny the allegations in Paragraph Ninety-six (96) of the Complaint.

97. Defendants deny the allegations in Paragraph Ninety-seven (97) of the Complaint.

98. Defendants deny the allegations in Paragraph Ninety-eight (98) of the Complaint.

99. Defendants incorporate their responses to Paragraphs One (1) through Ninety-eight (98) as if fully rewritten herein in response to Paragraph Ninety-nine (99) of the Complaint.

100. Defendants deny the allegations in Paragraph One-Hundred (100) of the Complaint.

101. Defendants deny the allegations in Paragraph One-Hundred and One (101) of the Complaint.

102. Defendants deny the allegations in Paragraph One-Hundred and Two (102) of the Complaint.

103. Defendants deny the allegations in Paragraph One-Hundred and Three (103) of the Complaint.

104. Defendants deny the allegations in Paragraph One-Hundred and Four (104) of the Complaint.

105. Defendants deny the allegations in Paragraph One-Hundred and Five (105), including all subparts (a through e), of the Complaint.

106. Defendants deny the allegations in Paragraph One-Hundred and Six (106) of the Complaint.

107. Defendants deny the allegations in Paragraph One-Hundred and Seven (107) of the Complaint.

108. Defendants deny the allegations in Paragraph One-Hundred and Eight (108) of the Complaint.

109. Defendants deny the allegations in Paragraph One-Hundred and Nine (109) of the Complaint.

110. Defendants deny the allegations in Paragraph One-Hundred and Ten (110) of the Complaint.

111. Defendants deny the allegations in Paragraph One-Hundred and Eleven (111) of the Complaint.

112. Defendants deny the allegations in Paragraph One-Hundred and Twelve (112) of the Complaint.

113. Defendants deny the allegations in Paragraph One-Hundred and Thirteen (113) of the Complaint.

114. Defendants deny the allegations in Paragraph One-Hundred and Fourteen (114) of the Complaint.

115. Defendants deny the allegations in Paragraph One-Hundred and Fifteen (115) of the Complaint.

116. Defendants deny all Prayers for Relief (i through v).

117. Defendants state that any allegations contained in footnotes one (1) through twelve (12) of the Complaint that reference BWC footage, Akron Police incident reports or other reports, or any documents or opinions in the Akron Municipal Court, Summit County Common Pleas Court or the Ninth District Court of Appeals or any other case law, speak for themselves, and deny any remaining allegations that may be contained in all footnotes in the Complaint.

118. Defendants deny each and every other allegation not heretofore admitted as true.

## SECOND DEFENSE

119. Plaintiff failed to state a claim upon which relief can be granted for all claims.

## THIRD DEFENSE

120. Plaintiff failed to state a claim against the City of Akron for 42 U.S.C §1983 municipal liability upon which relief can be granted, pursuant to *16630 Southfield Limited Partnership v. Flagstar Bank*, 727 F.3d 502 (6th Cir. 2013).

## FOURTH DEFENSE

121. The individual Defendants assert the defense of qualified immunity for all 42 U.S.C. §1983 claims asserted against them in their individual capacity, if any.

## FIFTH DEFENSE

122. Defendants assert the immunities, defenses and privileges under Chapter 2744 of the Ohio Revised Code in response to state law tort claims.

## SIXTH DEFENSE

123. Plaintiff's injuries and damages, if any, were caused by Plaintiff's own actions or inaction, or the actions of persons other than the answering Defendants.

## SEVENTH DEFENSE

124. Plaintiff's federal law claims may be barred in whole or in part based on *Heck v. Humphrey*, 512 U.S. 477 (1994) or *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1998).

## EIGHTH DEFENSE

125. Defendants' actions were privileged and authorized by law.

## NINTH DEFENSE

126. Plaintiff failed to mitigate his damages.

## TENTH DEFENSE

127. Plaintiff assumed the risk of injury associated with his actions.

## ELEVENTH DEFENSE

128. Some or all of Plaintiff's state law tort claims are barred by the applicable statute of limitations.

## TWELFTH DEFENSE

129. Some or all of Plaintiff's claims are by barred by collateral estoppel and/or res judicata.

## THIRTEENTH DEFENSE

130. Some or all of the criminal charges were based on the advice of police legal counsel.

## FOURTEENTH DEFENSE

131. Defendants reserve the right to amend this Answer to assert affirmative defenses that may become apparent during the course of the case.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just and proper.

        Respectfully submitted,

        EVE V. BELFANCE
        Director of Law


        /s/ Michael J. Defibaugh
        John Christopher Reece – No. 0042573
        Michael J. Defibaugh – No. 0072683
        Assistant Directors of Law
        161 S. High Street, Suite 202
        Akron, OH 44308
        (330) 375-2030 FAX: (330) 375-2041
        Emails: JReece@akronohio.gov
                MDefibaugh@akronohio.gov


## **JURY DEMAND**

Defendants demand trial by jury in the maximum number of jurors permitted by law for each claim and cause of action.

        /s/ Michael J. Defibaugh
        Michael J. Defibaugh – No. 0072683

**PROOF OF SERVICE**

This is to certify that on this 6th day of April, 2020, a true copy of the foregoing Answer with Jury Demand Endorsed Herein was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael J. Defibaugh
Michael J. Defibaugh – No. 0072683